Jason D. Guinasso, Esq. (SBN 8478)
Astrid A. Perez, Esq. (SBN 15977)
HUTCHISON & STEFFEN, PLLC
5371 Kietzke Lane
Reno, Nevada 89511
Tel: (775) 853-8746
Fax: (775) 201-9611
jguinasso@hutchlegal.com
aperez@hutchlegal.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CORY COOMBES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WASHOE COUNTY SCHOOL DISTRICT, political subdivision of the State of Nevada; JACKIE JAMES, an individual; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**(JURY DEMAND)** |

**COMES NOW,** Plaintiff, CORY COOMBES, ("Plaintiff Coombes") by and through the undersigned counsel of record Jason D. Guinasso, Esq., and Astrid Perez, Esq., of Hutchison & Steffen, PLLC, and hereby files the instant COMPLAINT and requests a jury trial relative to all issues triable as follows:

**JURISDICTION AND VENUE**

Plaintiff COOMBES, a former Washoe County School District ("Defendant WCSD") Police Officer, brings this action under 42 U.S.C. § 12101 *et. Seq.*; 42 U.S.C. 12112 *et. Seq.*; 42 U.S.C. § 2000 *et. Seq.*; 42 U.S.C. § 1983; Nev. Rev. Stat. § 613.330; Nev. Rev. Stat. § 613.340; and Nev. Rev. Stat § 288.270(f) to remedy acts of employment discrimination perpetrated against

him by the WASHOE COUNTY SCHOOL DISTRICT Defendant WCSD. Plaintiff Coombes contends that Defendant WCSD discriminated against him on the basis of disability because Defendant WCSD failed to provide a reasonable accommodation in response to his diagnosis of post-traumatic stress disorder that was deemed to play a factor in Plaintiff Coombes' ability to perform his duties as a police officer.

1. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391; as Plaintiff Coombes was employed with Defendant WCSD in Washoe County, Nevada at the time of the alleged discrimination; Plaintiff Coombes' employment records are maintained by Defendant WCSD in this judicial district; Defendant WCSD conducts business in this judicial district; and decisions adverse to Plaintiff Coombes' employment that are subject of this civil action were made in this judicial district.

**PARTIES**

3. At all relevant times here, Plaintiff Coombes was and is a resident of the State of Nevada. At all times relevant to this action Plaintiff Coombes resided in Washoe County, Nevada and was employed by Defendant WCSD. He is a "person" within the meaning of 42 U.S.C. §§12111(7) and 2000e(a).

4. At all relevant times here, Defendant WCSD was and is a political subdivision of the State of Nevada, organized and existing under the laws of the State of Nevada.

5. At all relevant times here, Defendant Jackie James was and is a resident of the State of Nevada.

6. Upon information and belief, at all times relevant to this action, Defendant WCSD was and is an "employer" within the meaning of 42 U.S.C. §§ 12111(5)(A), 2000e(b) and Nev.

Rev. Stat § 613.310 because it employed 20 or more individuals on a full-time basis in excess of twenty weeks per year.

7. Plaintiff Coombes does not know the names and capacities, whether a business entity, governmental, or individual of those Defendants sued herein as Does 1-10, inclusive. Plaintiff Coombes prays leave that when the true names and capacities of said Defendants are ascertained he may be permitted to insert the same herein with appropriate allegations. But upon information and belief, Plaintiff Coombes alleges that each of said Defendants is legally responsible at all times alleged herein. Relief is sought herein against each and all Defendants, as well as its or their agents, assistants, successors, employees, and all persons acting in concept or cooperation with them or at their direction.

8. Upon information and belief, each unnamed Defendant within Does 1-10 is the agent, servant, employee, representative, principal, master, supervisor and/or employer of each of the other Defendants. Each Defendant was acting within the service and scope of that agency, employment or other relationship at all times alleged herein. Relief is sought herein against each and all Defendants, as well as its or their agents, assistants, successors, employees, and all persons acting in concert or cooperation with them or at their direction.

**PROCEDURAL REQUIREMENTS**

9. Plaintiff Coombes has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit. Plaintiff Coombes has timely filed his Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about March 29, 2021. A true and correct copy of Plaintiff Coombes' Charge of Discrimination is attached hereto as Exhibit "1." The allegations in Exhibit "1" are hereby incorporated in this Complaint.

10. On or about May 18, 2022, and again on June 1, 2022, Plaintiff Coombes received

a Notice of Right to Sue issued by the EEOC. A true and correct copy of Plaintiff Coombes' Right to Sue letters are attached as Exhibit "2."

11. This Complaint has been filed within 90 days of receipt of that notice. Plaintiff Coombes has fully complied with all prerequisites to jurisdiction of the Court.

## GENERAL ALLEGATIONS

12. On or about May 30, 2016, Plaintiff Coombes was hired by Defendant WCSD. He began working as a School Police Officer. He maintained this position until his termination on July 20, 2020.

13. On or about December 7, 2016, a 14-year-old freshman student, later identified as Logan Clark ("Clark"), was reported to be waving two knives in a crowd of students on Hug High School campus. *See* Exhibit "3" at 1. Plaintiff Coombes responded to the Incident and observed Clark "aggressively chasing [the other student] with the knives." *Id*. Plaintiff Coombes attempted to de-escalate the situation and commanded Clark multiple times to drop the two knives. *Id*. Clark refused and advanced towards Plaintiff Coombes. *Id*. Plaintiff Coombes stepped back attempting to create some distance between him and Clark. *Id*. Plaintiff Coombes again demanded Clark to drop the knives. *See* Exhibit "3" at 2. Clark refused and continued to advance towards Plaintiff Coombes prompting Plaintiff Coombes to shoot Clark. *Id*.

14. Clark placed students, faculty, and staff at the high school in direct fear and imminent threat of bodily harm to their health and safety. After a thorough investigation, Plaintiff Coombes was cleared, finding that Plaintiff Coombes was justified in his actions, and it was not a criminal act. *Id*. at 2, 36.

15. Defendant WCSD investigated the incident and found that Plaintiff Coombes was justified in using deadly force as self-defense because there was an imminent threat of bodily harm. *Id*. at 2, 36.

16. After the incident, Plaintiff Coombes began to struggle with managing the stress and emotion that came from his knowledge of using deadly force on a 14-year-old student.

17. Plaintiff Coombes sought professional care from a licensed mental health professional and was later diagnosed with post-traumatic stress disorder "PTSD."

18. On or about July 17, 2020, Dr. Kathleen Stoll, MD wrote a letter in which she stated that working as a police officer exacerbated Plaintiff Coombes' anxiety and panic, causing Plaintiff Coombes to struggle in completing the duties of his position as a police officer. Dr. Stoll concluded that in her professional opinion Plaintiff Coombes was unable to perform his duties as a police officer. *See* Exhibit "4." However, Plaintiff Coombes was not given any permanent restrictions. Following this diagnosis, Plaintiff Coombes re-opened his worker's compensation claim.

19. No attempts were made to accommodate Plaintiff Coombes' disability. Instead, on or about July 20, 2020, about three (3) days after Dr. Stoll's letter, Defendant Jackie James (hereinafter "Defendant James") sent an email where Defendant James instructed the recipients to notify Plaintiff Coombes that July 20, 2020, would be his last day of work, specifically stating that Plaintiff Coombes' termination was due to his disability. *See* Exhibit "5."

20. On or about July 20, 2020, Plaintiff Coombes was terminated from his position as a police officer with Defendant WCSD via a forwarded email from Tracy Moore, a representative of Defendant WCSD. *See* Exhibit "5."

21. On August 10, 2020, the Washoe County School Police Officer's Association ("WCSPOA") filed a grievance with Defendant WCSD on behalf of Plaintiff Coombes alleging violation of the Collective Bargaining Agreement and violation of NRS 288.270. The grievance outlined that Plaintiff Coombes was improperly terminated from his position as a police officer given that Plaintiff Coombes was not diagnosed with a permanent disability. The grievance

1  requested Plaintiff Coombes be placed on disability leave, and that Plaintiff Coombes be
2  reassigned pending the approval by PERS for medical retirement.

3      22.    On or about August 15, 2020, Plaintiff Coombes filed a Disability Description/
4  Reasonable Accommodation Request Form with Defendant WCSD to rescind his termination,
5  provide him with retroactive pay from July 20, 2020, to August 15, 2020, and meet with him to
6  discuss and identify a reasonable accommodation in the workplace per his diagnosis. *See* Exhibit
7  "6."

8      23.    Defendant WCSD and Defendant James refused to take any action to rescind
9  Plaintiff Coombes' termination or to accommodate Plaintiff Coombes' disability. Instead, they
10  changed Plaintiff Coombes' status to an "unpaid employee" which included no pay, no health
11  insurance benefits, or any accommodation—effectively guising Coombes' termination with a
12  different title.

**FIRST CAUSE OF ACTION**
**(Unlawful Employment Practices: Disability Discrimination)**

15      24.    Plaintiff Coombes repeats, realleges, and incorporates by reference the allegations
16  set forth in paragraphs 1 through 23 of this Complaint as more fully set forth herein.

17      25.    At all times relevant, Plaintiff Coombes was an employee of Defendant WCSD,
18  as defined by Title VII of the Civil Rights Act.

19      26.    At all times relevant, Defendant WCSD was an "employer," as defined by 42
20  U.S.C. §§ 12111(5)(A), 2000e(b) and Nev. Rev. Stat § 613.310.

21      27.    At all times relevant, Defendant WCSD was Plaintiff Coombes' employer and was
22  barred from discriminating in employment decisions on the basis of disability as set forth in 42
23  U.S.C. § 12101 *et. Seq*; 42 U.S.C. 12112 *et. Seq*.; 42 U.S.C. § 2000 *et. Seq.*; Nev. Rev. Stat. §
24  613.330; Nev. Rev. Stat. § 613.340; and Nev. Rev. Stat § 288.270(f).

28. Pursuant to Title VII of the Civil Rights Act, as amended, and NRS 613.330, it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any person, or otherwise discriminate against any person with respect to the person's compensation, terms, conditions, or privileges of employment, because of his or her race, color, religion, sex, sexual orientation, gender identity or expression, age, disability or national origin.

29. Pursuant to 42 U.S.C. § 12101 *et. Seq*, the American with Disabilities Act ("ADA"), it is unlawful for an employer to discriminate against an individual due to their disability.

30. Plaintiff Coombes is disabled and thus belongs to the class of individuals protected by Title VII of the Civil Rights Act, 42 U.S.C. § 12101 *et. Seq,;* 42 U.S.C.§§ 2000e *et. seq.*, and Nev. Rev. Stat. §§ 613.310, 288.270.

31. Prior to the December 7, 2016, incident, Plaintiff Coombes was performing his job duties according to his employer's legitimate expectations.

32. During the course of his employment, Plaintiff Coombes was subjected to stressful situations which resulted in extreme emotional and mental distress, ultimately resulting in a diagnosis of post-traumatic stress disorder, rendering him unable to complete his duties as a police officer. Plaintiff Coombes, however, was not given permanent restrictions.

33. At all times relevant, Plaintiff Coombes could not perform the essential functions of his job without a reasonable accommodation.

34. At all times relevant, Defendant WCSD was aware of Plaintiff Coombes' disability.

35. Upon receiving notice of Plaintiff Coombes' disability, under the applicable laws cited herein, Defendant WCSD had the obligation to provide a workplace with reasonable accommodations and free of discrimination on the basis of disability. Plaintiff Coombes has the

same right to the full and equal benefit of the laws and proceedings for the security of persons and property as enjoyed by all employees.

36. Plaintiff Coombes had the qualifications and ability to perform duties in other departments other than a police officer.

37. Defendant WCSD discriminated against Plaintiff Coombes and terminated him. Specifically, Plaintiff Coombes was discriminated against on the basis of his disability and was denied reasonable accommodations despite his qualifications in other departments.

38. The conduct of Defendant WCSD described in this Complaint constitutes unlawful discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 12101 *et. seq*, 42 U.S.C. §§ 2000e *et. seq*., Nev. Rev. Stat. §§ 288.270 and 613.330, i.e., discrimination and differential treatment on the basis of disability.

39. As a direct result of Defendant WCSD's unlawful, discriminatory conduct, Plaintiff Coombes suffered financial harm and emotional distress. The above-described acts of Defendant WCSD were further made willfully and done with a conscious disregard for Plaintiff Coombes' protected rights.

40. Plaintiff Coombes is entitled to all legal and equitable remedies available under 42 U.S.C. § 12101 *et. seq.,* 42 U.S.C. §§ 2000e *et. seq*., Title VII of the Civil Rights Act, Nev. Rev. Stat. §§ 288.270 and 613.330.

41. Defendant WCSD's conduct directly and proximately caused Plaintiff Coombes to suffer loss of wages, loss of earning capacity, as well as severe emotional distress for which he is entitled to compensatory damages in excess of $15,000.00, and in an amount to be determined by trial.

42. As a result of Defendant WCSD's conduct, Plaintiff Coombes has been forced to retain and employ legal counsel and thus is entitled to all costs, fees, and expenses related to or

arising from this litigation.

## SECOND CAUSE OF ACTION
### (Deprivation of Rights under 42 U.S.C. § 1983)

43. Plaintiff Coombes repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 42 of this Complaint as more fully set forth herein.

44. Plaintiff Coombes has a property interest in his employment, pension, and disability benefits protected by the Constitution.

45. Plaintiff Coombes was terminated from his employment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 12101 *et. seq.,* 42 U.S.C. §§ 2000e *et. seq.,* Nev. Rev. Stat. §§ 288.270 and 613.330, i.e., discrimination and differential treatment on the basis of disability.

46. Defendant Jackie James acted under color of law when she terminated Plaintiff Coombes in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 12101 *et. seq.,* 42 U.S.C. §§ 2000e *et. seq.,* Nev. Rev. Stat. §§ 288.270 and 613.330, i.e., discrimination and differential treatment on the basis of disability.

47. As a result of Defendant Jackie James' termination of Plaintiff Coombes, he is now denied the opportunity to receive his full pension and any applicable disability benefits he was entitled to while he was employed with Defendant WCSD.

48. Plaintiff Coombes' termination lacked due process because his termination was executed without first attempting to accommodate him to a different position.

49. Plaintiff Coombes was deprived of his employment, his full pension and any possible disability benefits without proper notice, the opportunity to be heard prior to and following his termination, nor an impartial tribunal, in violation of Plaintiff Coombes' due process rights.

50. Defendant Jackie James refused to take any action to rescind Plaintiff Coombes'

termination or to accommodate Plaintiff Coombes' disability prior to terminating Plaintiff Coombes.

51. Plaintiff Coombes is entitled to all legal and equitable remedies available under 42 U.S.C. § 1983.

52. Defendant Jackie James' conduct directly and proximately caused Plaintiff Coombes to suffer loss of wages, loss of earning capacity, as well as severe emotional distress for which he is entitled to compensatory damages in excess of $15,000.00, and in an amount to be determined by trial.

53. As a result of Defendant Jackie James' conduct, Plaintiff Coombes has been forced to retain and employ legal counsel and thus is entitled to all costs, fees, and expenses related to or arising from this litigation.

## THIRD CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

54. Plaintiff Coombes repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 53 of this Complaint as more fully set forth herein.

55. Defendant WCSD owed a duty to Plaintiff Coombes to accommodate his disability.

56. Defendant WCSD's behavior toward Plaintiff Coombes breached this duty by failing to accommodate Plaintiff Coombes and by terminating Plaintiff Coombes from his employment.

57. Defendant WCSD and its agents, servants, or employees conduct was severe, extreme, and pervasive and significantly altered the condition of Plaintiff Coombes' enjoyment in life, affecting his psychological wellbeing.

58. As a direct and proximate result of Defendant WCSD's conduct, Plaintiff

Coombes suffered emotional distress which caused and will continue to cause Plaintiff Coombes extreme mental and emotional pain and suffering.

59. As a direct and proximate result of the breach of its duties owed to Plaintiff Coombes to prevent such conduct, Defendant WCSD and its agents, servants, or employees unlawfully and willfully subjected Plaintiff Coombes to discriminatory treatment and termination in violation of State Law.

60. As a result of Defendant WCSD's conduct, Plaintiff Coombes has been damaged and suffered harm in an amount in excess of $15,000.00, in an amount to be determined at trial.

61. As a result of Defendant WCSD's conduct, Plaintiff Coombes has been forced to retain and employ legal counsel and thus is entitled to all costs, fees, and expenses related to or arising from this litigation.

**FOURTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

62. Plaintiff Coombes repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 61 of this Complaint as more fully set forth herein.

63. The conduct as described more fully above of Defendant WCSD, its agents, employees, and/or representatives, including Plaintiff Coombes' termination upon Defendant WCSD receiving notice of his disability were extreme and outrageous and done for the purpose of injuring Plaintiff Coombes.

64. As a direct and proximate result of Defendant WCSD's conduct, Plaintiff Coombes suffered emotional distress which caused and will continue to cause Plaintiff Coombes extreme mental and emotional pain and suffering.

65. As a direct and proximate result of Defendant WCSD's acts and conduct, Plaintiff Coombes incurred and continue to incur the loss of earnings, and loss of enjoyment of life, which

resulted in Plaintiff Coombes' general damages in an amount to be determined at trial.

66. The conduct of Defendant WCSD, their agents, employees, and/or representatives acted with a reckless, malicious, willful and outrageous disregard for causing emotional distress and therefore, constitutes an intentional infliction of emotional distress of Plaintiff Coombes.

67. That Defendant WCSD's conduct constitutes intentional, malicious, willful and wanton acts, thereby entitling Plaintiff Coombes to punitive damages at an amount to be determined at the time of trial.

68. As a further result of Defendant WCSD's above-described actions, Plaintiff Coombes has been required to engage the services of an attorney and is therefore, entitled to an award of reasonable attorneys' fees, costs, and interest incurred herein.

**FIFTH CAUSE OF ACTION**
**(Negligent Training and Supervision)**

69. Plaintiff Coombes repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 68 of this Complaint as more fully set forth herein.

70. Defendant WCSD has a duty to properly train and supervise its employees, including ensuring that employees comply with the laws prohibiting discrimination on the basis of disability.

71. Defendant WCSD's duty to properly train and supervise extends to all persons it employs.

72. Defendant WCSD's behavior towards Plaintiff Coombes, including but not limited to, the lack of providing a reasonable accommodation, and the termination of his employment due to his disability, have been extreme, outrageous and was at a minimum negligent.

73. Defendant WCSD was informed and aware of the unlawful and negligent actions of its employees through the grievance made by Plaintiff Coombes, the various communications

1 | between Plaintiff Coombes and employees of Defendant WCSD, as well as communications
2 | between Defendant WCSD's employees.

3 |       74.    Despite being informed that Plaintiff Coombes was being terminated due to his disability without permanent restrictions, Defendant WCSD retaliated against Plaintiff Coombes based on legally protected conduct, Defendant WCSD failed to take any action to protect Plaintiff Coombes' rights.

      75.    Defendant WCSD failed to properly hire, train, and supervise its agents, servants or employees herein with respect to anti-discrimination laws, among other things when it allowed its employees to discriminate against Plaintiff Coombes to discriminatory treatment in violation of 42 U.S.C. 12112 *et. Seq.*; 42 U.S.C. § 2000 *et. Seq.*; Nev. Rev. Stat. § 613.330; Nev. Rev. Stat. § 613.340; and Nev. Rev. Stat § 288.270(f).

      76.    As a result of Defendant WCSD's conduct, Plaintiff Coombes is entitled to damages in an amount in excess of $15,000.00, to be determined at trial.

      77.    As a further result of Defendant WCSD's above-described actions, Plaintiff Coombes has been required to engage the services of an attorney and is therefore, entitled to an award of reasonable attorneys' fees, costs and interest incurred herein

### JURY TRIAL DEMAND

      78.    Pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 38, Plaintiff Coombes hereby demands a trial by jury as to all issues.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Coombes respectfully requests that this Court grant the following relief:

    A. That the Court award general compensatory damages for the Plaintiff Coombes in an amount in excess of $15,000, to be determined at trial;

B. That the Court award Plaintiff Coombes special damages;

C. That the Court award Plaintiff Coombes punitive damages;

D. That the Court award back pay, reinstatement or front pay if reinstatement is not proper;

E. That the Court award Plaintiff Coombes his costs and attorney fees incurred in connection with this action; and

F. For any other and further relief as the Court deems just and proper.

Dated this 16th day of August, 2022.

/s/ Jason D. Guinasso
Jason D. Guinasso, Esq. (SBN 8478)
Astrid A. Perez, Esq. (SBN 15977)
HUTCHISON & STEFFEN, PLLC
5371 Kietzke Lane
Reno, Nevada 89511
Tel: (775) 853-8746
Fax: (775) 201-9611
jguinasso@hutchlegal.com
aperez@hutchlegal.com

*Attorneys for Plaintiff*

**VERIFICATION**

I, Cory Coombes, being first duly sworn, deposes and states that I am the Plaintiff in this matter. I have read the foregoing Complaint and know the contents thereof; that the same is true of my own knowledge except as to those matters therein stated upon information and belief and as to those matters, I believe the same to be true.

Executed on this 16th day of August, 2022.

/s/ Cory Coombes
Cory Coombes

## **EXHIBITS INDEX**

| Index No. | Document Title | No. of Pages* |
|---|---|---|
| **Exhibit 1** | Plaintiff's Charge of Discrimination | 7 |
| **Exhibit 2** | Notice of Right to Sue | 6 |
| **Exhibit 3** | Report on the December 7, 2016, Officer Involved Shooting at Proctor R. Hug High School | 39 |
| **Exhibit 4** | Dr. Stoll's Letter | 2 |
| **Exhibit 5** | An email re: Coombes' termination | 3 |
| **Exhibit 6** | Disability Description/ Reasonable Accommodation Request Form | 3 |

* Includes exhibit cover page