UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| CORY COOMBES, | Case No. 3:22-cv-00368-ART-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| WASHOE COUNTY SCHOOL DISTRICT, *et al.*, | |
| Defendants. | |

Plaintiff Cory Coombes brings this case against his former employer, the Washoe County School District (WCSD), and a former employee of the District, Jackie James, alleging they fired him because of his disability status, in violation of state and federal law. Before the Court is Defendants' Motion to Dismiss Mr. Coombes's Complaint (ECF No. 9). As detailed below, this Court grants in part and denies in part Defendants' Motion.

I. **BACKGROUND**

Mr. Coombes was a police officer for the WCSD. (ECF No. 1 at ¶ 12.) In his first year on the job, he attempted to subdue a student who was "aggressively chasing other students with knives." (*Id.* at ¶ 13.) After apparently trying to deescalate the situation, Mr. Coombes shot that student. (*Id.*)

Mr. Coombes alleges that he developed PTSD as a result of the shooting. (*Id.* at ¶¶ 16-17.) Around July 17, 2020, a doctor, who appears to have been treating Mr. Coombes's PTSD, informed WCSD that Mr. Coombes's condition rendered him unable to perform his duties as a police officer. (*Id.* at ¶ 18.) In response, WCSD, through their employee Jackie James, fired Mr. Coombes. (*Id.* at ¶ 19.) Mr. Coombes claims they did not attempt to accommodate his disability by placing him in a position that would be less likely to trigger the symptoms of his PTSD. (*Id.*)

1

WCSD fired Mr. Coombes on July 20, 2020. (*Id.* at ¶ 20). On August 10, 2020, the Washoe County School Police Officer's Association filed a grievance with WCSD, complaining that Mr. Coombes was improperly terminated and requesting he be reassigned, pending approval of his request for medical retirement. (*Id.* at ¶ 21.) On or around August 15, Mr. Coombes made a formal request to WCSD to rescind his termination and provide reasonable accommodations for his disability. (*Id.* at ¶ 22.) WCSD then reinstated Mr. Coombes, but only as an "unpaid employee." (*Id.* at ¶ 23.)

Mr. Coombes submitted a Charge of Discrimination with the Nevada Equal Rights Commission (NERC) on March 29, 2021, (ECF No. 1-2 at 5); he received a Right-to-Sue letter from the NERC on May 18, 2022, (ECF No. 1-3 at 2); and he filed a complaint in this Court on August 16, 2022, (ECF No. 1).

Mr. Coombes asserts five causes of action against Defendants:

(1) Disability discrimination, under Title VII of the Civil Rights Act and NRS 613.330;

(2) Violation of due process rights, under 42 U.S.C. § 1983;

(3) Negligent infliction of emotional distress (NIED), under Nevada common law;

(4) Intentional infliction of emotional distress (IIED), under Nevada common law;

(5) Negligent training and supervision (NTS), under Nevada common law.

(ECF No. 1 at 6-12.) He names Jackie James as the sole defendant on his § 1983 claim and WCSD as the sole defendant on all other claims.

## II.     DISCUSSION

Defendants move for dismissal on the grounds that Claim 1 is unexhausted, Claims 2, 3, 4, and 5 are time-barred, Claims 3, 4, and 5 fail to state a claim, and Claim 4 is barred by discretionary immunity and preemption. The Court addresses each ground below.

### A. Administrative Exhaustion

Defendants argue that Mr. Coombes's disability discrimination claim (Claim 1), which alleges discrimination under Title VII and NRS 613.330, should be dismissed because Mr. Coombes failed to exhaust his administrative remedies before filing in federal Court. Defendants argue Claim 1 is really a claim under Nevada's Government Employee-Management Relations Act (EMRA), and Mr. Coombes has failed to comply with that act's exhaustion requirements. Mr. Coombes responds that the EMRA does not apply because he has not asserted a cause of action under the EMRA. Defendants do not dispute that Mr. Coombes has complied with Title VII and NRS 613.330's exhaustion requirements.

The Court finds that Claim 1 properly alleges a cause of action under NRS 613.330 and Title VII. Mr. Coombes has not raised a claim under the EMRA and is not required to comply with the EMRA's exhaustion requirements. Accordingly, the Court declines to dismiss Claim 1 as unexhausted.

### B. Statute of Limitations

Defendants argue that Mr. Coombes's § 1983 claim (Claim 2) and his state common law claims (Claims 3, 4, and 5) are time barred because he filed them after the expiration of the two-year statute of limitations period supplied by NRS 11.190(4)(e). Mr. Coombes urges the Court to apply the statute of limitations for wrongful termination claims, NRS 11.201, which would give him more time to file his complaint. The Court declines to do so because Mr. Coombes has not alleged a claim for wrongful termination. *See* NRS 11.201 (creating a two-year limitations period for "action[s] in tort for common-law wrongful termination of employment."); *Hansen v. Harrah's*, 675 P.2d 394, 397 (Nev. 1984) (wrongful termination is a specific cause of action under Nevada law); *see also City of Sparks v. Reno Newspapers, Inc,* 399 P.3d 352, 356 (2017). The Court applies the generally applicable statute of limitations, NRS11.190(4)(e).

The parties disagree about when 11.190(4)(e)'s two-year limitations period

began. Under Nevada law, for torts like NIED, IIED, and NTS, the limitations period begins "the day the cause of action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997). "A cause of action 'accrues' when a suit may be maintained thereon." *Id.* Defendants argue that Mr. Coombes's actions accrued when he was fired, on July 20, 2020. This would have given him until July 20, 2022 to file his complaint. Mr. Coombes responds that his injury did not occur the day he was fired, but rather the day his grievance request was denied and he was reinstated without pay (on or after August 16, 2020). (ECF No. 11 at 8.)

Taking Mr. Coombes's allegations as true for purposes of this motion, his claims for IIED, NIED, and NTS (Claims 3, 4, and 5) accrued when his request for accommodations was denied and he was reinstated without pay sometime after August 15, 2020. (ECF Nos. 1-6, 1 at ¶ 22 (indicating that Mr. Coombes filed his request for accommodations on August 15, 2020); ECF No. 1 at ¶ 23 (indicating that Mr. Coombes's request was denied and he was reinstated without pay sometime after that).) He filed his complaint on August 16, 2022. (ECF No. 1.) Mr. Coombes's Claims 3, 4, and 5 are therefore timely as to those alleged harms.

Plaintiff's Claim 2 appears to be untimely. Claim 2 is a § 1983 claim alleging harm stemming from Mr. Coombes's termination on July 20, 2020. (ECF No. 1 at ¶¶ 12, 43-53.) "The time at which a § 1983 claim accrues is a question of federal law, conforming in general to common-law tort principle. That time is presumptively when the plaintiff has a complete and present cause of action." *McDonough v. Smith*, 588 U.S. ----, 139 S.Ct. 2149, 2155 (2019) (internal quotation marks and citations omitted). Mr. Coombes had cause to bring his 1983 claim the day he was fired. Because Mr. Coombes filed Claim 2 more than two years later, on August 16, 2022, that claim is untimely absent equitable tolling and will be dismissed with leave to amend.

Additionally, because the applicable statute of limitations only reaches

1   back to August 16, 2020, (ECF Nos. 1-6, 1 at ¶¶ 22-23), Mr. Coombes cannot
2   assert harms that occurred before that date, absent equitable tolling. This
3   includes any emotional distress stemming directly from his July 20, 2022
4   termination. The Court will therefore analyze the sufficiency of Mr. Coombes's
5   claims with reference to the denial of his reasonable accommodations request
6   and reinstatement without pay.

### C. Failure to State a Claim

Defendants argue that Mr. Coombes has failed to allege facts sufficient to support his claims for negligent infliction of emotional distress (NIED), intentional infliction of emotional distress (IIED), and negligent training and supervision (NTS) (Claims 3, 4, and 5). Mr. Coombes has pled each of his claims in sufficient detail.

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Under this standard a district court must accept as true all well-pleaded factual allegations in the complaint and determine whether those factual allegations state a plausible claim for relief. *Id.* at 678-79.

Mr. Coombes has sufficiently pled claims for NIED (Claim 3) and IIED (Claim 4). To recover for IIED, a plaintiff must show (1) extreme and outrageous

conduct by defendant; (2) defendant's intent to cause emotional distress or reckless disregard as to the probability of emotional distress; (3) plaintiff's severe emotional distress; (4) actual and proximate causation between defendant's conduct and plaintiff's emotional distress. *Branda v. Sanford*, 637 P.2d 1223, 1227 (Nev. 1981); *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981). A claim for NIED exists "if the acts arising under intentional infliction of emotional distress were committed negligently." *Abrams v. Sanson*, 136 P.3d 1062, 1070 (Nev. 2020); *Armstrong v. Reynolds*, 22 F.4d 1058, 1081 n.5 (9th Cir. 2022); *see Shoen v. Amerco, Inc.*, 111 Nev. 735, 748, 896 P.2d 469, 477 (1995). A claim for NIED is not limited to bystanders. *Id.* And physical manifestations of emotional stress can be helpful to proving IIED-related harm, but one need not allege them in order to bring a claim for IIED. *Franchise Tax Bd. of Cal. v. Hyatt*, 335 P.3d 125, 147-48 (Nev. 2014), *vacated on other grounds*, 578 U.S. 171 (2016); *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1145 (Nev. 1983).

Mr. Coombes alleges that, while he was unemployed and suffering from PTSD, Defendants both denied his reasonable accommodation request and reinstated him without pay. (ECF No. 1 at ¶ 23.) He alleges that Defendants fired him with the intent to cause severe emotional distress, and they did in fact cause severe emotional distress. (*Id.* at ¶¶ 63, 64.) These allegations, taken as true, are sufficient to state a claim for IIED. Further, Mr. Coombes alleges that the acts giving rise to these claims were committed negligently. (*Id.* at ¶ 72.) This, along with his IIED claim, is enough to state a claim for NIED.

Finally, Defendants argue that Mr. Coombes has failed to state a claim for NTS because (1) he has not alleged any failure on the part of WCSD to train its employees; and (2) he has failed to demonstrate any physical harm arising from Defendants' allegedly negligent training or supervision, as required under Nevada law. (ECF No. 9 at 10-11.)

To state a claim for NTS, a plaintiff must demonstrate: "(1) a general duty

on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation." *Reece v. Republic Services, Inc.*, 2:10-CV-00114, 2011 WL 868386, at *11 (D. Nev. Mar. 10, 2011) (citing *Lambey v. Nevada*, No. 2:07–cv–01268–RLH– PAL, 2008 WL 2704191, *4 (D. Nev. July 3, 2008)). The Nevada Supreme Court has allowed NTS claims to proceed when the plaintiff alleged only that "Defendants were negligent in failing to adequately train and supervise their managing agent and employees, agents and representatives." *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996) (noting also that "Nevada is a notice pleading jurisdiction and we liberally construe pleadings to place matters into issue which are fairly noticed to the adverse party."). Mr. Coombes alleges that "Defendant WCSD failed to properly hire, train, and supervise its agents, servants or employees herein with respect to anti-discrimination laws, among other things when it allowed its employees to discriminate against Plaintiff Coombes to discriminatory treatment in violation of [state and federal law]." (ECF No. 1 at ¶ 75.) This adequately states an NTS claim.

      Although the Nevada Supreme Court has never expressly decided whether a claim of NTS requires a showing of physical injury, it has, in the context of negligence, said that "injury is generally not limited to physical injury." *Sadler v. PacifiCare of Nev.*, 340 P.3d 1264 (Nev. 2014); *see also Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003) (stating that controlling absent authority, a federal court must predict how a state court would decide an issue). Several district courts in Nevada have held that no allegation of physical harm is required to bring an NTS claim. *See Chocolate Magic Las Vegas LLC v. Ford*, Case No. 2:17-cv-00690-APG-NJK, at *3 (D. Nev. 2017); *Richardson v. HRHH Gaming Senior Mezz, LLC*, 99 F. Supp. 3d 1267, 1278 (D. Nev. 2015); *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 n.4 (D. Nev. 2013). And California Courts applying agency and tort law have determined that no showing

of physical harm is required to state a negligent supervision claim. *Delfino v. Agilent Techs., Inc,* 52 Cal. Rptr. 3d 376, 397 (Cal. Ct. App. 2006).). This Court thus determines that a Nevada court would not require an allegation of physical injury to state a claim for negligent hiring, training, and supervision.

Defendants next argue that WCSD is entitled to immunity because its decision to hire, supervise, and train its employees in the manner alleged was discretionary under NRS 41.032(2) (granting immunity for "the exercise or performance . . . [of] a discretionary function . . . ."). But discretionary immunity does not apply where bad faith is alleged. *Wayment v. Holmes*, 912 P.2d 816, 820 (Nev. 1996) ("Had [Defendants] terminated [Plaintiff] in bad faith, [Defendants'] actions would no longer be discretionary and subject to immunity."); *Salehian v. Nevada State Treasurer's Office,* 618 F. Supp. 3d 995, 1005 (D. Nev. 2022). Though Mr. Coombes does not explicitly allege bad faith, that allegation is implicit in his statement that WCSD and its employees retaliated against him for filing a grievance. (*See* ECF No. 1 at ¶ 74.)

Finally, Defendants argue that Mr. Coombes's NTS claim is displaced by NRS 613.330, which provides a remedy for disability-based discrimination. Defendants assert that NTS is "comparable to" Nevada's claim of tortious discharge, and NRS 613.330 provides the exclusive remedy for claims that are "comparable to" tortious discharge. *See D'Angelo v. Gardner*, 819 P.2d 206, 217 n.10 (Nev. 1991). "Nevada courts will not construe a statute as eliminating a common law cause of action unless the statute unambiguously requires that result." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1094 (9th Cir. 2011). Absent such a showing here, the Court declines to find that Mr. Coombes's claim is displaced by NRS 613.330.

### III.  CONCLUSION

It is therefore ordered that Defendants' Motion to Dismiss (ECF No. 9) is granted in part and denied in part, as outlined above. Mr. Coombes may proceed

with his claims under Title VII of the Civil Rights Act and NRS 613.330 (Claim 1) and his state common law claims for negligent infliction of emotional distress (Claim 3), intentional infliction of emotional distress (Claim 4), and negligent training and supervision (Claim 5). His claim under 42 U.S.C. § 1983 (Claim 2) is dismissed with leave to amend. Because no remaining claims against Defendant Jackie James exist, she is dismissed as a defendant.

Dated this 27th day of March 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE